# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

JAMES KEEL                                                                                    PETITIONER

v.                                                                                 No. 3:18CV227-NBB-DAS

BRIAN LADNER, ET AL.                                                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Keel for a writ of *habeas corpus* under 28 U.S.C. § 2241. Mr. Keel argues that the State has computed his release date improperly by running his second sentence consecutive to, rather than concurrent with, the first.[1] The State has moved to dismiss the instant petition as procedurally defaulted. Mr. Keel has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be denied on the merits and, in the alternative, dismissed as procedurally defaulted.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or

---

[1] As will be discussed below, Mr. Keel misapprehends how his sentences have been computed. Though his claims in the instant petition are procedurally defaulted, they also fail on the merits.

invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

### Nature of Proceedings: § 2254 v. § 2241

When a state prisoner challenges unconstitutional parole procedures or rules which affect his release, and resolution would entitle him to accelerated release, the challenge is properly brought as a *habeas corpus* proceeding. *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir.1998). A challenge to the *execution* of a sentence, as opposed to its *duration*, is appropriately brought under Title 28 U.S.C. § 2241, as opposed to § 2254. *Id.,* at 490; *see also, Batiste v. State Bd. of Pardon and Parole,* 1999 WL 102027 at *1 (E.D.La.1999) (quoting *King v. Lynaugh,* 729 F.Supp. 57, 58 (W.D.Tx.1990)); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir.1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle,* 10 Fed. Appx. 768, 2001 WL 589514 at *2 (10th Cir. May 31,

2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241). Section 2241 is an appropriate vehicle to challenge government action that affects the actual duration of the petitioner's custody (rather than the length of the sentence imposed), "such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices." § 5:7. Federal prisoners—Section 2241 habeas corpus petitions, Postconviction Remedies § 5:7. The petitioner in this case thus seeks the appropriate form of federal *habeas corpus* relief.

### Facts and Procedural Posture

Mr. Keel has sought relief for the claims raised in the instant petition multiple times, but he has never pursued those claims to completion in state court. On June 9, 2016, James Keel was charged in a four-count indictment: conspiracy to sell methamphetamine (Count I), sale of methamphetamine (Count II), conspiracy to sell methamphetamine (Count III), and sale of methamphetamine to a confidential informant (Count IV). *See* Exhibit B.[2] On April 3, 2017, the Yalobusha County Circuit Court amended Mr. Keel's indictment to charge him as a habitual offender under Miss. Code Ann § 99-19-81 and as a "recidivist offender" under Miss. Code Ann § 41-29-147. *See* Exhibit C. On May 1, 2017, Mr. Keel pled guilty to conspiracy to sell methamphetamine (Count I) and sale of methamphetamine (Count II).[3] *See* Exhibit D (Plea Petition, "Plea and Sentence" Transcript, and Sentencing Order in Yalobusha County Circuit Court Cause No. CR2016-18JMY2). The Yalobusha County Circuit Court sentenced Keel to serve a term of twenty (20) years for the sale

---

[2] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

[3] In exchange for the guilty plea, the Yalobusha County Circuit Court remanded Counts III and IV to the file. *See* Exhibit D (Sentencing Order in Yalobusha County Circuit Court Cause No. CR2016-18JMY2).

of methamphetamine (Count II), followed by a term of ten (10) years of post-release supervision for conspiracy to sell methamphetamine (Count I).[4]  *See* Exhibit D.  The circuit court ordered that "[t]his sentence imposed shall run concurrent[ly with] any and all sentences previously imposed[,]" and that Keel be awarded credit for one day served in custody while awaiting trial on these charges.  *See id*.  (Sentencing Order at pp. 3-4).

Since his conviction, Mr. Keel has repeatedly challenged the State's computation of the sentences at issue in the instant petition.  As detailed below, Mr. Keel filed four motions in his criminal case in the Yalobusha County Circuit Court.  He then attempted, unsuccessfully, to appeal the denial of his fourth motion to the Mississippi Supreme Court.  Mr. Keel also filed multiple grievances with the MDOC Administrative Remedy Program (ARP), and, in doing so, created a backlog of ARP filings by filing a new grievance before prison officials could address previously filed grievances.[5]

On July 12, 2017, he submitted a prison grievance, which was stamped as "received" on July 15, 2017, and assigned ARP Number CMCF-17-2309.  *See* Exhibit G.  In the grievance, Mr. Keel argued that his MDOC Inmate Time Sheet computed on June 5, 2017, and received on July 7, 2017, and did not reflect his previously imposed sentences.  *See id*.  He sought an amendment to his time

---

[4] The circuit court ordered that Keel serve five years of reporting post-release supervision and five years of non-reporting post-release supervision.  *See id*.

[5] While it appears that Mr. Keel only refers to one of his MDOC grievances in the instant petition (CMCF-17-2309), his administrative records reflect that he submitted two grievances in February 2016, which were ultimately assigned MDOC ARP Numbers CMCF-16-587 and CMCF-17-1657.  *See* Exhibits E and F.  These two grievances raised time computation issues; however, they involved credit for his time out on parole, earned discharge credit, and jail time.  However, Mr. Keel's backlog of ARP filings caused a delay in processing, and the consideration of MDOC ARP Number CMCF-17-1657 ultimately overlapped with the time during which Keel ultimately pled guilty and was sentenced in Yalobusha County Circuit Court Cause Number CR2016-18-JMY2.  *See* Exhibit F.  On July 5, 2017, he submitted a written request to withdraw ARP Number CMCF-17-1657 to allow him to proceed with a new claim.  *See id.*

sheet to correct what he characterized as an "ambiguous error." *See id*. Mr. Keel argued that the time sheet failed to reflect that his previously imposed sentences were to run concurrently with his Yalobusha County Circuit Court sentences. *See id*. On August 9, 2017, the MDOC ARP issued a First Step Response Form to Keel's complaint in CMCF-17-2309, advising Keel that – at the time – he was serving the sentence in Yalobusha County Cause Number CR2016-18-JMY2, "and that case only." *See id*. Thus, it appears that, by the time he raised the issue in a grievance, he had completed his previously-imposed sentences – and was serving out the remainder of his sentence in Cause Number CR2016-18-JMY2.

Dissatisfied with the First Step Response, Mr. Keel proceeded to step two of the MDOC ARP, again arguing that his sentencing order in Yalobusha County Cause Number CR2016-18-JMY2 stated that his sentence shall run concurrently with his previously imposed sentences. *See id*. On October 20, 2017, the MDOC ARP issued a Second Step Response Form to Keel's complaint in CMCF-17-2309, stating that Mr. Keel was only serving his twenty-year sentence in Yalobusha County Cause Number CR2016-18-JMY2. Thus, there were no other sentences with which the twenty-year sentence could run concurrently. *See id*. The MDOC ARP further advised Keel that there was nothing more that it could address in this matter. *See id*. On December 18, 2017, Keel signed the Second Step Response Form, certifying that he had fulfilled the requirements of the ARP and was eligible to seek judicial review within thirty (30) days of receipt of the Second Step Response. *See id*.

As detailed below, however, Mr. Keel did not seek timely judicial review of the Second Step Response in CMCF-17-2309. He filed four motions challenging the computation of his sentences in the Yalobusha County Circuit Court (docketed in his criminal matter); however, he filed three of the motions prematurely (*before* his receipt of the Second Step Response Form on December 18, 2017) –

and filed his final motion late – on June 4, 2018 (approximately five months after his deadline to seek judicial review expired).

On October 24, 2017, before completion of the MDOC ARP process in CMCF-17-2309, Keel filed a "Motion for Court to Send Order to MDOC Records Department" in the Yalobusha County Circuit Court, asserting that the MDOC was not running his sentence concurrently with his sentence from Lafayette County, as ordered. *See* Exhibit H. Keel requested that the Yalobusha County Circuit Court send an order to the MDOC Records Department clarifying the terms of his sentence. *See id*. By Order filed on November 6, 2017, the Yalobusha County Circuit Court denied Keel's motion, finding that it was without merit. *See* Exhibit I. The court reiterated the terms of Keel's sentence in Yalobusha County Circuit Court Cause Number CR2016-18JMY2 as follows:

> Keel is asserting that his sentence is not running concurrent to his sentence from Lafayette County. Keel entered a plea of guilty to one count of conspiracy to sell methamphetamine and one count of sale of methamphetamine on May 1, 2017. The Court sentenced Keel to served twenty (20) years in the [MDOC] in Count 2 followed by ten (10) years of post-release supervision in Count 1 with the first five (5) years reporting with this sentence to concurrent to any other sentences.

Exhibit I. As the court noted, according to MDOC, Keel's sentence in this cause began to run on April 30, 2017. *See id*. The court further noted that Keel was not serving a sentence from Lafayette County at that time.[6] *See id*; *see also* Exhibit A. The court advised Keel that, if he had any issues with his Lafayette County sentence, he needed to address those concerns with the Lafayette County Circuit Court. *See* Exhibit I. The Yalobusha County Circuit Court nonetheless recognized that Mr. Keel still "appear[ed] to be under the assumption that concurrent means equal[,]" and explained to Keel the terms of his concurrent sentence as follows:

---

[6] As detailed above, the Yalobusha County Circuit Court sentenced Keel on May 1, 2017, and ordered that he receive one day of jail time credit to his sentence. *See* Exhibit D.

> BLACK'S LAW DICTIONARY defines concurrent sentences as "[t]wo or more terms of imprisonment, all or part of each term of which is served simultaneously and the prisoner is entitled to discharge at the expiration of the longest term specified." Because the court made the sentence in this cause to run concurrent with another sentence does not mean that the sentences are the same length, or that they started running at the same time, only that one sentence does not have to be completed before the new sentence begins, as would be with a consecutive sentence. The sentence is clear and no actions need to be taken. Keel will serve the longer of any concurrent sentences before he will be released from MDOC. Therefore this Court finds that Keel's argument is without merit, and the request should be denied.

Exhibit I.

On November 22, 2017, Keel filed a "Motion for Pre-Trial Jail Time Credit, for Time Served," asserting that he did not receive pre-trial jail credit in Yalobusha County Circuit Court Cause Number CR2016-18JMY2. *See* Exhibit J. By Order filed on November 30, 2017, the Yalobusha County Circuit Court denied Keel's motion, finding that it was without merit and that the court had awarded Keel one day of jail credit to which he was entitled in this case at sentencing. *See* Exhibit K. The court explained that, "[a]ccording to Keel's own documentation" attached to his motion, "he was being held on a warrant for violation of post-release supervision from Lafayette County for the time he is requesting credit from this court." *See id.* (underline in original). The court found that Keel had failed to produce any documentation requiring the court to change the amount of credit he should receive prior to the entry of his plea in this case. *See id.* The court advised Keel that he was not entitled to credit for time he was serving on another charge, as a prisoner serving time for another conviction is not being held to await trial. *See id.* (citing Miss. Code Ann. § 99-19-23 and *Foster v. Durr*, 123 So. 3d 940, 941 (Miss. Ct. App. 2013)). Finally, the court specifically informed Mr. Keel that, if he was not satisfied with the credit that the MDOC had given him, he should address his request for his initial time served with the MDOC grievance process (the ARP Program). *See* Exhibit K.

On December 4, 2017, Mr. Keel filed a "Motion to Have Time Computation Error Corrected," re-urging his challenges to the computation of his sentence. *See* Exhibit L. On December 19, 2017, the Yalobusha County Circuit Clerk mailed a letter to Keel in response to his motion, advising him that, per the staff attorney, the court had previously entered two orders on this issue. *See* Exhibit M. As such, the clerk advised Keel that "[t]here are no other responses to be given from [the court] regarding [his] time[,]" and again forwarded copies of the court's previous orders to Keel for his reference. *Id.*

On June 4, 2018, he filed a "Motion to Correct-Modify Sentence."[7] *See* Exhibit N. In his motion, Keel again asserted that his sentence in his Yalobusha County Circuit Court cause should have begun on April 10, 2015, the date on which he alleged that he was also convicted in Lafayette County Circuit Court.[8] *See id.* By Order filed on June 18, 2018, the Yalobusha County Circuit Court denied Keel's "latest petition," finding that it was without merit.[9] *See* Exhibit O. The court noted that the crimes for which Keel was convicted in Yalobusha County did not even occur until September 22, 2015. *See id.* The court reiterated the terms of Keel's sentences and again explained to him the meaning of a "concurrent sentence." *See id.* (citing BLACK'S LAW DICTIONARY). The court further explained to Keel as follows:

... The sentence is correct and should not be corrected or modified. Keel will <u>serve the</u>

---

[7] Keel attached to his motion a copy of the MDOC ARP Second Step Response Form in ARP Number CMCF-17-2309, which Keel signed and dated as received on December 18, 2017. *See* Exhibit N.

[8] As detailed above, however, Keel pled guilty to the crimes of conspiracy to sell methamphetamine and sale of methamphetamine in Yalobusha County Circuit Court on May 1, 2017, two years *after* his Lafayette County sentence began. *See* Exhibit D.

[9] The court noted that it "ha[d] entered orders denying similar relief on November 1, and November 29, 2017." *See* Exhibit O.

> longer of any concurrent sentences before he will be released from MDOC. Obviously Keel has served his other sentences and is only serving his sentence from Yalobusha County at this time....

Exhibit O (underline in original).

The circuit court further acknowledged that "Keel ha[d] provided documentation that he had addressed his concerns through the offender grievance procedure or [ARP] established by MDOC," as Keel attached a copy of the ARP Second Step Response Form in ARP Number CMCF-17-2309 to his motion; however, Keel failed to timely seek judicial review of that decision with the Yalobusha County Circuit Court. *See id*. The court explained that it "ha[d] no knowledge of whether Keel ha[d] sought relief in the proper court." *Id*. Thus, the Yalobusha County Circuit Court denied Keel's motion. *See id*.

On July 10, 2018, Keel filed a Notice of Appeal of the Yalobusha County Circuit Court's Order, which was docketed as Mississippi Supreme Court Cause Number 2018-TS-00979. *See* Exhibit P. By Order filed on July 20, 2018, the Yalobusha County Circuit Court denied Keel's motion to appeal *in forma pauperis*, finding that the order that Keel sought to appeal was not an appealable order, as Keel was not appealing a conviction or a denial of post-conviction relief. *See* Exhibit Q. The Yalobusha County Circuit Court further ordered that Keel had seven days from the date of the filing of the Order in which to prepay the costs of his appeal and file a certificate of compliance. *See id*. Keel subsequently submitted two letters to the Yalobusha County Circuit Court requesting information as to the status of his motion to appeal *in forma pauperis*. *See* Exhibit R (Letters from Keel stamped as "filed" on August 3, 2018, and on August 22, 2018). On August 22, 2018, the Yalobusha County Circuit Clerk's Office mailed a letter to Keel advising him that the court denied his motion to appeal *in forma pauperis* on July 20, 2018. *See* Exhibit S. The letter further advised Keel that, on July 30,

2018, the clerk's office sent a Certificate of Non-Compliance to Keel because the clerk's office had not received a payment for the appeal costs and a certificate of compliance, and Keel subsequently submitted his Certificate of Compliance on August 8, 2018, without payment. *See id.* Thus, the clerk's office advised Keel that there was nothing more the Yalobusha County Circuit Court could do. *See id.* On October 2, 2018, the Mississippi Supreme Court dismissed Keel's appeal for failure to pay the filing fee and costs of his appeal in Mississippi Supreme Court Cause Number 2018-TS-00979. *See* Exhibit T.

On October 15, 2018, Keel filed the instant federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, again challenging "the computation of his sentence on the charge of sale of methamphetamine and conspiracy in the Circuit Court of Yalobusha County, Mississippi[.]"[10] ECF Doc. 4. In his petition, Mr. Keel argues that the MDOC Records Department has violated his right to due process and the terms of his plea agreement by failing to honor the terms of the agreement and resulting sentence. ECF Doc. 1. Specifically, he argues that the MDOC Records Department is incorrectly computing his sentences in Yalobusha County Circuit Cause Number CR2016-18JMY2 because the MDOC did not run his sentences concurrently with those previously imposed in Lafayette County Circuit Court. *See id.* Thus, Keel is challenging the start date of his sentences in Yalobusha County Circuit Cause Number CR2016-18JMY2. *See id.* Keel further alleges that his "parole date and all other release dates are incorrect." *Id.* at 8. Mr. Keel has attached to his federal petition copies of his various filings in the Yalobusha County Circuit Court, a copy of the MDOC ARP Second Step Response Form in ARP Number CMCF-17-2309, copies of documents from his Lafayette County

---

[10] As noted above, Keel has also filed a *pro se* complaint under 42 U.S.C. § 1983, challenging the computation of his sentences at issue in his federal *habeas corpus* petition.

criminal proceedings, and a copy of his § 1983 complaint. *See* ECF Doc. 1. In his request for relief, Mr. Keel requests that the court "send an order to M.D.O.C. records dept. to compute sentence CR2016-18-JMY2 concurrent with LK 14-410 and LK 14-510" and to reflect "the said sentences" as concurrent on Keel's MDOC time sheet. ECF Doc. 1 at 14.

**Discussion of the Merits of Mr. Keel's Claim**

Mr. Keel's flurry of filings in state and federal court arises out of his misunderstanding of how consecutive and concurrent sentences work. The state courts have done their best to explain this to him, but he still seems not to understand. This court will thus make one last attempt to clarify this for Mr. Keel.

Mr. Keel began serving his first sentences (on his convictions for possession of a controlled substance and possession of a weapon by a convicted felon) on April 10, 2015. Doc. 10-11 at 3-4. He was sentenced to three years' incarceration on those two sentences, to be served concurrently. In 2017, he was convicted on charges of conspiracy and sale of methamphetamine and began serving his sentences on those new convictions on April 30, 2017. *Id.* He was sentenced to serve 20 years' imprisonment on the conspiracy charge, followed by 10 years' probation on the sale of methamphetamine charge. *Id.* These sentences were ordered to run concurrent to the three-year sentences imposed in 2015.

By the time he began serving his sentences on the new convictions, he had already served over two years on his first sentence. Thus, less than a year after he began serving the sentences on the 2017 convictions, his previous sentences had fully expired. He is presently serving only the sentences on his 2017 convictions (conspiracy and sale of methamphetamine).

Mr. Keel argues that he should have started serving the sentence on his new convictions on

April 10, 2015 – the date he started serving the sentence on his previous convictions. This, of course, is not possible – without a time machine – as he was convicted for his later crimes about two years *after* he started serving the sentence for his older crimes. *There is no way for a defendant to serve a sentence for a crime before he is convicted of that crime.* That is what Mr. Keel has asked this court to find – and it is simply not permissible under the law. As set forth above, the Yalobusha County Circuit Court explained this well, stating, "Because the court made the sentence in this cause to run concurrent with another sentence does not mean that the sentences are the same length, *or that they started running at the same time*, only that one sentence does not have to be completed before the new sentence begins, as would be with a consecutive sentence." *See* Exhibit I (emphasis added). Mr. Keel's argument to the contrary is wholly without merit and must be denied.

**The Doctrines of Procedural Default and Procedural Bar**

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, —— U.S. ——, 132

S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See*

*United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In this case, Mr. Keel failed to timely appeal the MDOC ARP's decision in ARP Number CMCF-17-2309, but he attempted to appeal the Yalobusha County Circuit Court's denial of his "Motion to Correct-Modify Sentence." *See* Exhibit P. The Mississippi Supreme Court, however, dismissed the appeal for failure to pay the filing fee and the costs of the appeal. *See* Exhibit T. In failing to pay the costs of his appeal, he did not properly present his allegations challenging the computation of his sentence from Yalobusha County to the Mississippi Supreme Court. As such, the state courts have not had a full opportunity to consider any constitutional issues. Mr. Keel's claims are thus procedurally defaulted for purposes of federal *habeas corpus* review and should be dismissed with prejudice. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

Mr. Keel has not shown "cause" for failing to present his claims to the Mississippi Supreme

Court. As such, he has not satisfied the "cause and prejudice" test, and the court may not reach of the merits of his claims despite his procedural default. He has not shown that an external impediment prevented him from properly appealing the circuit court's denial of his "Motion to Correct-Modify Sentence." *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Absent a showing of "cause," the court need not consider whether Mr. Keel would suffer actual prejudice from applying the default. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Certainly no "fundamental miscarriage of justice" would occur if the court does not consider the merits of Mr. Keel's claims because he has not shown that "as a factual matter … he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not supported his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). *See Martin*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). Indeed, he has not even argued that he is innocent of the crimes of conviction – only that MDOC personnel have miscalculated his sentence.

Both the MDOC grievance personnel and the Yalobusha County Circuit Court have repeatedly reviewed and decided these issues. Mr. Keel has not presented any new, reliable evidence to support his claims; he merely restates his previous arguments. For these reasons, Mr. Keel's petition for a writ of *habeas corpus* should be dismissed with prejudice as procedurally defaulted.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as procedurally defaulted, and, in the alternative, denied on the merits. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of March, 2019.

                                                /s/ Neal Biggers
                                                NEAL B. BIGGERS
                                                SENIOR U. S. DISTRICT JUDGE