**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

JAMES KEEL                                                                                              PETITIONER

v.                                                                                              No. 3:18CV227-NBB-DAS

BRIAN LADNER, ET AL.                                                                     RESPONDENTS

**ORDER DENYING PETITIONER'S MOTION**
**TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the petitioner's motion for reconsideration of the court's memorandum opinion and final judgment dismissing the instant petition for a writ of *habeas corpus* both on the merits and as procedurally defaulted. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The deadline for seeking relief under Rule 59(e) is 28 days from entry of judgment.

Mr. Keel states, without support, that he has shown "cause" for his default. He also alleges that he has obtained statements from witnesses showing that he did not commit the crime of his conviction. He claims that other witnesses, including a co-defendant, would testify on his behalf. He did not, however, include such statements with the instant motion.

In any event, Mr. Keel's argument in his original petition was that his sentence has been computed incorrectly. The court decided the issue against Mr. Keel on the merits. As the court explained in detail in its memorandum opinion, Mr. Keel's sentence was computed correctly.

This argument is without substantive merit.

For these reasons, the petitioner has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the petitioner's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 13th day of January, 2020.

    /s/ Neal Biggers  
NEAL B. BIGGERS  
SENIOR U. S. DISTRICT JUDGE